UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:24-cv-21393

WILLIAM JACKSON,

     Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

     Defendant.

_____/

## **COMPLAINT**

Plaintiff, WILLIAM JACKSON ("PLAINTIFF") sues Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES ("CARNIVAL") and alleges:

1.     This is an action for damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2.     Pursuant to 28 U.S.C. §1332, this Court has subject matter jurisdiction because the amount in controversy exceeds $75,000.00 exclusive of interest, costs and attorney's fees, and there is complete diversity of citizenship between the parties.

3.     Venue is appropriate in the Southern District of Florida because CARNIVAL's travel document (passenger cruise ticket) indicates that PLAINTIFF must file any lawsuit against CARNIVAL in the Southern District of Florida.

4.     CARNIVAL is a foreign corporation, duly registered and authorized to transact business in Florida, which is engaged in substantial activities in Miami-Dade County Florida and is subject to the jurisdiction of this Court.

JANSSEN SIRACUSA PLLC
19 W. Flagler Street, Suite 618 * Miami, FL 33130
Telephone (305) 428-2776 * Facsimile (561) 420-0576

5.      This Court has personal jurisdiction over CARNIVAL pursuant to Section 48.193, *Florida Statutes*, because it has at all times relevant to this cause of action, through its agents, officers, distributors and/or representatives:

(a)      Operated, conducted, engaged in, and/or carried on a business venture in Florida and maintains its main office in Miami, Florida;

(b)      Used, possessed, or held a mortgage or other lien on real property within Florida; and/or

(c)      Engaged in substantial and not isolated activities within Florida by maintaining stores, offices, employees, distributors and/or registered agents in Florida, selling products in Florida, advertising products in Florida, or entering into contracts in Florida.

6.      At all times material, PLAINTIFF was a resident of Palm Beach Gardens, Florida and a fare paying passenger for a cruise aboard *M/V PARADISE,* which is owned and operated by CARNIVAL for a voyage which departed from Tampa, Florida on January 4, 2024, and returned to port on January 8, 2024.

7.      On the second day of PLAINTIFF's cruise, January 5, 2024, while PLAINTIFF was in his cabin aboard the *M/V PARADISE* and while the vessel was underway, he opened his balcony door when without any warning, he was struck in the head, shoulder and chest by an interior closet door which had become unhinged and/or otherwise broken loose from its frame and due to the difference in air pressure between the interior and exterior of his cabin.

8.      As a result of being struck by the interior closet door, PLAINTIFF was knocked unconscious and instantly became disoriented.  He was treated by the ship's doctor on duty, who concluded PLAINTIFF had suffered a concussion. Upon returning to shore, PLAINTIFF was

JANSSEN SIRACUSA PLLC
19 W. Flagler Street, Suite 618 * Miami, FL 33130
Telephone (305) 428-2776 * Facsimile (561) 420-0576

admitted to a hospital, where he received treatment for two and a half days.  As a result of his injuries, PLAINTIFF suffers from numerous conditions including, but not limited to, severe closed head injury, loss of memory, inability to sleep, sharp headaches, blurred vision, irritability, lightheadedness and dizziness.

9.      At the above time and place, CARNIVAL breached its duties owed to the PLAINTIFF by negligently:

(a)      creating and/or allowing a dangerous condition by failing to maintain the interior closet door such that it would not break loose and strike passengers when the balcony door is open;

(b)      failing to warn PLAINTIFF of the dangerous condition;

(c)      failing to ensure the safety of PLAINTIFF; and/or

(d)      other acts of negligence not presently discovered.

10.      At all times material prior to the incident in PLAINTIFF's cabin, CARNIVAL was aware of the interior cabin air pressure hazards as a result of its experience and/or notice of similar prior shipboard incidents, but nonetheless failed to ensure the interior cabin doors were properly secured so they would not break loose and/or strike its passengers when their balcony doors were opened, or otherwise failed to provide any warning whatsoever, to PLAINTIFF.

11.      As a direct and proximate result of CARNIVAL's negligence, PLAINTIFF was injured in and about his head and other parts of his body, with resulting pain and suffering, disability, mental anguish, loss of capacity for enjoyment of life, medical treatment and/or aggravation of a previously existing condition.  The losses are either permanent or continuing in

nature, and PLAINTIFF will likely continue to suffer losses in the future and for the rest of his life.

12.    Upon regaining consciousness, PLAINTIFF promptly reported the incident to CARNIVAL's shipboard doctor and hotel management.

13.    All conditions precedent to the filing of this action have occurred, have been waived and/or are otherwise excused.

WHEREFORE, Plaintiff, WILLIAM JACKSON, demands judgment against Defendant, CARNIVAL CORPORATION *d/b/a* CARNIVAL CRUISE LINES, for damages for negligence in an amount in excess of $75,000.00, plus costs, interest and any other damages deemed appropriate, and further requests a trial by jury on all claims, defenses and issues raised in the entire case, and so triable as of a matter of right.

Dated: April 15, 2024.

JANSSEN SIRACUSA PLLC
*Counsel for Plaintiff, William Jackson*
19 W. Flagler Street, Suite 618
Miami, FL 33130
Telephone (305) 428-2776
Facsimile (561) 420-0576
Email: jjanssen@jasilaw.com
Email: jsiracusa@jasilaw.com

By: ___*John M. Siracusa*_____
JOSEPH W. JANSSEN, III
Florida Bar No. 160067
JOHN M. SIRACUSA
Florida Bar No. 159670