**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CV-21393-KING**

WILLIAM JACKSON,

        Plaintiff,

v.

CARNIVAL CORPORATION,

        Defendant.

_____/

**DEFENDANT CARNIVAL CORPORATION'S ANSWER AND AFFIRMATIVE**
**DEFENSES TO PLAINTIFF'S COMPLAINT DATED APRIL 15, 2024 [DE 1]**

Defendant, CARNIVAL CORPORATION, by and through its undersigned counsel,

hereby provides this Answer and Affirmative Defenses to Plaintiff's Complaint dated April 15,

2024 [DE 1] and states as follows:*

1.      Defendant is without sufficient knowledge or information needed in order to

admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.      It is admitted that this court maintains admiralty jurisdiction over this matter.

3.      Admitted.

4.      It is admitted that this Defendant is subject to personal jurisdiction of this Court in

this matter.

5.      It is admitted that this Defendant is subject to personal jurisdiction of this Court in

this matter.

6.      It is admitted that Plaintiff was a passenger aboard the Carnival Paradise.

7. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Denied, including all subparts.

10. Denied.

11. Denied.

12. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

\* Any allegations not specifically admitted to herein are hereby denied.

<b>AFFIRMATIVE DEFENSES</b>

In further Answering, Defendant would also affirmatively state as follows:

A. Plaintiff's damages were caused or exacerbated as a result of intervening and superseding factors that are independent of any fault of Defendant and which were not reasonably foreseeable to it.

B. Plaintiff did not exercise ordinary care, caution, or prudence for his own welfare to avoid the happening of the alleged incident, injuries or damages, if any, the existence of which Defendant expressly denies, and by this failure to do so, the Plaintiff thereby directly and

proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which the Defendant expressly denies.

C.      Plaintiff has failed to mitigate his losses or damages claimed against Defendant by failing to take advantage of any reasonable opportunity that might exist under the circumstances to reduce or minimize the loss or damage.

D.      Plaintiff was negligent and therefore Plaintiff is either barred from recovery or the damages in this case must be apportioned and reduced in proportion to the share of negligence attributable to the Plaintiff.

E.      Plaintiff failed to seek timely medical treatment for his condition which caused and/or exacerbated his damages and/or failed to follow instructions, follow up, participate in, or attend subsequent medical care and treatment which has delayed/negatively affected his recovery.

F.      Plaintiff's damages, if any, were solely and proximately caused by an intervening and/or superseding medical condition or event, which was not itself the result of any negligence on the part of this Defendant and, accordingly, recovery against this Defendant must be denied.

G.      The Plaintiff's damages were the result of a pre-existing injury/condition. Assuming, *arguendo*, that any pre-existing mental or physical injury or illness was aggravated by any alleged incident herein, for which this Defendant expressly denies any responsibility, the Plaintiff is only entitled to reimbursement for the degree of aggravation and any and all recovery obtained herein must be reduced to the percentage of aggravation which the Plaintiff allegedly suffered as a result of the subject incident.

H.      The Plaintiff's damages were caused entirely by the action and/or inaction of third parties for whom this Defendant is not responsible for, including but not limited to any and all healthcare providers who rendered treatment to Plaintiff before the subject cruise and/or after the subject cruise.

I.      Defendant, and its employees and/or agents, had no notice of any dangerous or risk-creating condition.

J.      Any risks complained of by Plaintiff were open and obvious, obviating any duty to warn by Defendant.

K.      This action is barred in whole or in part by the applicable statute of limitations.

L.      Discovery in this matter is ongoing and Defendant reserves the right to amend and/or add affirmative defenses that appear to be supported by the evidence.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/Michael Drahos*
        Michael J. Drahos
        Florida Bar No. 0617059
        michael.drahos@gray-robinson.com
        W. Cooper Jarnagin
        Florida Bar No. 117767
        cooper.jarnagin@gray-robinson.com
        Ashley Genoese
        Florida Bar No. 1019357
        ashley.genoese@gray-robinson.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 22, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/Michael Drahos*

### <u>SERVICE LIST</u>
### <u>CASE NO. 24-CV-21393-KING</u>

Joseph William Janssen, III, Esq.
John Marcus Siracusa, Esq.
Janssen Siracusa PLLC
120 South Olive Avenue
Suite 504
West Palm Beach, Florida 33401
jjanssen@jasilaw.com
jsiracusa@jasilaw.com